### HENRY GRIFFIN v. THE STATE.

No. 4733.  Decided December 5, 1917.

**1.—Incest—Bills of Exception—Practice on Appeal.**

Where the bills of exception were too indefinite, they can not be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of incest, the evidence was sufficient to sustain the conviction, there was no reversible error on that ground.

**3.—Same—Charge of Court—Indictment—Half-Niece.**

Where the indictment charged incest between the defendant and his niece and the evidence showed that she was the daughter of his half-sister, making her only his half-niece instead of full blood, the court should have adhered to the statute and submitted to the jury the relation of half-uncle and half-niece, and a failure to do so was reversible error.

Appeal from the District Court of Titus.  Tried below before the Hon. J. A. Ward.

Appeal from a conviction of incest; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams*, for appellant.—On question of charge of court as to

relationship: Murray v. State, 21 Texas Crim. App., 620; Ex parte Woods, 52 Texas Crim. Rep., 575; Egan v. State, 68 S. W. Rep., 273; Bolles v. Outing Co., 175 U. S., 262.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Incest was charged, the basis of which was that appellant and the girl, with whom the incestuous intercourse is charged to have occurred, were uncle and niece. The court charged the jury that if they believed this relationship existed, that it would be sufficient within the statute of incest to prohibit carnal knowledge between parties. This is a matter of law under the statute, and the court was not in error in thus instructing the jury. The court did not assume nor charge the jury that the facts existed. He simply charged the jury that if the facts did exist that as a matter of law this would bring the parties within the statutory inhibition.

There are some bills of exception which are too indefinite for consideration. Bill No. 1, for instance, recited that the court permitted the witness G. W. Childress to testify that defendant has always been called Joe Griffin's son. "I have known him ever since he was a year or two old, and he was then wearing the name of Griffin, and he was always known as Joe Griffin's son." How this arose or how it came about in the trial of the case is not stated. It may have been entirely admissible. It was evidence from a family relation who knew all the facts. Childress was related to these parties as shown by the facts and had known them practically all their lives, and testified as did other witnesses to facts which showed the relationship between the parties as charged in the indictment.

Another bill recites that this same witness, Childress, was asked by appellant on cross-examination if it was not a practice for children to adopt the name of their step-father. Witness would have answered in the negative had he been permitted to answer, but the State objected and the court sustained the objection and a reply was not elicited. What was the object and purpose of this, or what effect it would have, is not stated, except the general proposition that it was in rebuttal to witnesses' testimony that defendant had gone by the name of Griffin. Had the witness answered it would have been in the negative, and could not have been of any advantage, so far as the bill shows, to appellant.

The witness Etta Childress testified that her daughter disappeared in Red River County from her home and that she could not find her. The objection was that defendant was not charged with the crime in Red River, and was not charged with abduction. This is the bill, and it is too indefinite. As the bill presents itself there is nothing upon which this court can base a conclusion. The facts would indicate, if we refer to the testimony, that the girl named as the incestuous paramour of appellant was sent from Red River County to Titus County by defendant, and he followed her and had incestuous intercourse with her in Titus County. It is unnecessary to discuss those matters further. The evidence is ample to show not only the relationship but clearly demon-

strates the fact that they cohabited and held themselves out as husband and wife in Titus County.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### March 20, 1918.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the judgment herein was affirmed. Appellant has filed a motion for re-hearing.

The indictment charges incest between appellant and his niece. There is evidence to show that she was the daughter of his half-sister, making her only his half-niece instead of full blood. The contention is now, that the court erred in submitting the relationship of the parties under the allegations of the indictment. Upon inspection of the statute, in view of the evidence, we are of opinion that appellant is correct, and that the affirmance should be set aside. The statute provides that where a party marries his niece or half-niece he would be guilty of incest, or where he should carnally know his niece or half-niece. Inasmuch as the Legislature saw proper to make these distinctions, we are of opinion that the charge of the court should have adhered to the statute and submitted to the jury the relationship of half-uncle and half-niece.

It is unnecessary to discuss the other questions in the case.

The motion for rehearing is granted, the affirmance set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, absent.